Rickie J. YOUNG, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 09–442C.

United States Court of Federal Claims.

Sept. 7, 2010.

Rickie J. Young, Stockbridge, GA, pro se.

Jane C. Dempsey, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

SWEENEY, Judge.

Plaintiff Rickie J. Young, proceeding *pro se*, moves, pursuant to Rule 59(a) of the Rules of the United States Court of Federal Claims ("RCFC"), for reconsideration of the court's April 22, 2010 Opinion and Order dismissing his complaint for lack of jurisdiction. Alternatively, he seeks relief from the court's judgment pursuant to RCFC 60(b). For the reasons set forth below, the court denies plaintiff's motions.

## I. BACKGROUND

Plaintiff initially filed suit in the United States Court of Federal Claims ("Court of Federal Claims") on October 6, 2006, alleging that because he was improperly denied a promotion due to his failure to pass a physi-

cal fitness test, he was honorably, but involuntarily, discharged from the United States Army before he was able to retire based on length of service. *Young v. United States*, 92 Fed.Cl. 425, 428 (2010). He sought a correction of his military records to reflect sufficient creditable service to entitle him to longevity retirement benefits and an award of back pay. *Id.* The Honorable James F. Merow construed plaintiff's claim as one for wrongful discharge and held that because plaintiff's claim accrued on April 25, 1998, the date of his discharge, it was barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501. *Id.* Judge Merow accordingly dismissed plaintiff's complaint. *Id.* Plaintiff moved for reconsideration of the dismissal, contesting the April 25, 1998 accrual date and raising a new claim related to the recoupment of his separation pay from his veterans disability compensation pursuant to 10 U.S.C. § 1174(h)(2).[1] *Id.* In denying plaintiff's motion, Judge Merow first concluded that the statute of limitations should not be tolled or suspended. *Id.* He then noted that new claims should not be raised in a motion for reconsideration; nevertheless, he considered plaintiff's section 1174(h)(2) claim and determined that the Court of Federal Claims lacked jurisdiction to reach its merits. *Id.* at 429.

Having exhausted his options at the Court of Federal Claims, plaintiff appealed the dismissal of his complaint to the United States Court of Appeals for the Federal Circuit ("Federal Circuit"), arguing that his wrongful discharge claim did not accrue until November 22, 2002, the effective date of his disability rating from the United States Department of Veterans Affairs ("VA"). *Id.* The Federal Circuit "affirmed Judge Merow's determination of the accrual date, as set forth in the dismissal order, and Judge Merow's rejection of plaintiff's equitable tolling and accrual suspension arguments, as set forth in the order denying reconsideration." *Id.* The United States Supreme Court ("Supreme Court") denied plaintiff's petition for a writ of certiorari. *Id.*

■ On July 7, 2009, plaintiff filed a second suit in the Court of Federal Claims, which was assigned to the undersigned, collaterally attacking the court's prior judgment that his claim for wrongful discharge was barred by the statute of limitations. *Id.* He contended that "none of the courts involved in the prior litigation—*i.e.*, the Court of Federal Claims, the Federal Circuit, and the Supreme Court—addressed a critical issue: whether his claim actually accrued on the date that the VA began to withhold his separation pay from his disability payments by operation of 10 U.S.C. § 1174." *Id.* Arguing that the accrual date for a section 1174 claim trumps the accrual date of a wrongful discharge claim, plaintiff requested that the court find that the claim raised in his initial complaint accrued on November 22, 2002. *Id.* at 429–30. Defendant moved to dismiss plaintiff's second complaint on claim preclusion grounds. *Id.* at 430. In its April 22, 2010 Opinion and Order, the court concluded that claim preclusion was inapplicable, *id.* at 432, but nevertheless found that it lacked jurisdiction, *id.* at 433–36. Specifically, the court determined that plaintiff's second complaint was barred by the doctrine of issue preclusion.[2] *Id.* at 433–35. It also concluded

---

1. Section 1174 concerns service members' entitlement to separation pay and provides:

   A member who has received separation pay under this section, or severance pay or readjustment pay under any other provision of law, based on service in the armed forces shall not be deprived, by reason of his receipt of such separation pay, severance pay, or readjustment pay, of any disability compensation to which he is entitled under the laws administered by the Department of Veterans Affairs, but there shall be deducted from that disability compensation an amount equal to the total amount of separation pay, severance pay, and readjustment pay received, less the amount of Federal income tax withheld from such pay. . . .

   10 U.S.C. § 1174(h)(2) (2006).

2. A plaintiff is precluded from relitigating an issue when:

   (1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action.

   *In re Freeman*, 30 F.3d 1459, 1465 (Fed.Cir. 1994).

that, to the extent that plaintiff was asserting an independent claim under section 1174, that claim was barred by the statute of limitations, even if it accrued on the date alleged by plaintiff-November 22, 2002. *Id.* at 435–36. Accordingly, the court dismissed plaintiff's second complaint. *Id.* at 436. Plaintiff now seeks, pursuant to RCFC 59 and RCFC 60, to overturn the court's ruling.

## II. MOTION FOR RECONSIDERATION

▉ Plaintiff first moves for reconsideration pursuant to RCFC 59(a). A motion for reconsideration is a request for extraordinary relief and is not to be used by a dissatisfied party to relitigate the case. *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed.Cir. 2004); *Four Rivers Invs., Inc. v. United States*, 78 Fed.Cl. 662, 664 (2007); *Fru–Con Constr. Corp. v. United States*, 44 Fed.Cl. 298, 300 (1999), *aff'd per curiam*, 250 F.3d 762, 2000 WL 973619 (Fed.Cir.2000) (table). Thus, such a motion "does not provide an occasion for a party 'to raise arguments that it could have raised previously, but did not' " or to " 'reassert arguments that the Court already has considered.' " *Four Rivers Invs., Inc.*, 78 Fed.Cl. at 664 (quoting *Browning Ferris Indus., Inc. & Subsidiaries v. United States*, No. 05–738T, 2007 WL 1412087, at *1 (Fed.Cl. May 10, 2007)). Rather, the court may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice. *See* RCFC 59(a)(1) (allowing the court to grant a motion for reconsideration "for any reason for which a new trial has heretofore been granted in an action at law in federal court" or "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court"); *Bd. of Trs. of Bay Med. Ctr. v. Humana Military Healthcare Servs., Inc.*, 447 F.3d 1370, 1377 (Fed.Cir.2006); *Fla. Power & Light Co. v. United States*, 66 Fed.Cl. 93, 96 (2005). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed.Cir. 1990).

▉ In his motion, plaintiff urges reconsideration "to correct an error of law and prevent a manifest injustice." *See* Pl.'s Mot. Re–Hearing, Mot. Relief J. Pursuant Rule 60(b) ("Mot.") 1. He advances four general arguments in support of his motion. First, plaintiff contends that the Court of Federal Claims possesses jurisdiction to entertain claims for the recovery of separation pay deducted from his veterans disability compensation pursuant to 10 U.S.C. § 1174(h)(2). Mot. 3–5, 7, 8–9. However, the issue of whether the Court of Federal Claims is empowered, as a general proposition, to entertain claims arising under section 1174(h)(2) was never before this court. Indeed, nowhere in its April 22, 2010 Opinion and Order did the court conclude that it lacked jurisdiction to entertain such claims. Rather, it held that (1) plaintiff was barred by the doctrine of issue preclusion from relitigating whether the operation of section 1174(h)(2) delayed the accrual date of his wrongful discharge claim because Judge Merow's prior decision determined that the Court of Federal Claims lacked jurisdiction over claims arising under section 1174(h)(2), *Young*, 92 Fed.Cl. at 434–35, and (2) to the extent plaintiff asserted an independent section 1174(h)(2) claim in its second complaint, that claim was time-barred, *id.* at 435–36. In other words, the court held that it lacked jurisdiction to consider plaintiff's section 1174(h)(2) claim in particular, not that it lacked jurisdiction to consider all section 1174(h)(2) claims. *See also id.* at 436 n. 10 (declining to address whether section 1174 was a money-mandating source of jurisdiction). Accordingly, a ruling on whether the Court of Federal Claims possesses jurisdiction to entertain claims arising under section 1174(h)(2) could not alter the court's holdings in its April 22, 2010 Opinion and Order. Plaintiff's contention that jurisdiction is proper cannot, therefore, provide a basis for granting reconsideration.

Plaintiff next argues that, contrary to the court's prior ruling, his claim did not accrue until the date that the government began to recoup his separation pay from his veterans disability compensation-November 22, 2002. Mot. 2–3, 5–6. The court has already considered and rejected this argument. *See, e.g.,*

*Young,* 92 Fed.Cl. at 429–30 ("[P]laintiff requests that the court 'render a legal interpretation' of section 1174 and 'assign the proper accrual' date for his claim of November 22, 2002."), 434 ("Plaintiff ... claims that the issue is more narrow: whether his claim for wrongful discharge accrued on November 22, 2002, the date the VA began to withhold his separation pay from his disability payments."), 434 ("[B]oth Judge Merow and the Federal Circuit considered, and rejected, a post-April 25, 1998 accrual date in general, and an accrual date based on the VA's payment of disability benefits in particular."), 435 ("[A]ssuming, for the sake of argument, that plaintiff's claim accrued on the date that he alleges, November 22, 2002, his instant complaint was filed more than six-and-one-half years later."). Thus, it does not constitute proper grounds for reconsideration.

Third, plaintiff asserts that the court misapplied the doctrine of issue preclusion because he did not have a full and fair opportunity to litigate whether the operation of 10 U.S.C. § 1174(h)(2) delayed the accrual date of his wrongful discharge claim. Mot. 6–8. The court disagrees; plaintiff had ample opportunity to litigate this aspect of his claim in his first suit before the Court of Federal Claims. *See Young,* 92 Fed.Cl. at 434 ("[C]ontrary to plaintiff's contention, the courts in the prior litigation did address whether his claim accrued later than April 25, 1998, the date of his discharge.... [B]oth Judge Merow and the Federal Circuit considered, and rejected, a post-April 25, 1998 accrual date in general, and an accrual date based on the VA's payment of disability benefits in particular."), 434–35 ("Judge Merow expressly held that the Court of Federal Claims lacked jurisdiction over claims concerning the withholding of separation pay from VA disability payments by operation of 10 U.S.C. § 1174(h)(2).... [T]he Federal Circuit did not find fault with his conclusion. Accordingly, Judge Merow and the Federal Circuit considered, and rejected, plaintiff's claim that an independent basis of jurisdiction over his claim for wrongful discharge existed under section 1174."), 435 ("[P]laintiff had a full and fair opportunity to address the issue in the first action."). Accordingly, the

court declines to grant reconsideration on this basis.

■ Plaintiff's final contention is that the court denied him due process by (1) discussing a jurisdictional impediment—issue preclusion—not raised by defendant and (2) not conducting an oral hearing on defendant's motion to dismiss. Mot. 7–8, 10. Plaintiff's objection to the court's application of issue preclusion lacks merit. The parties or the court "on its own initiative" may raise jurisdictional issues at any time. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). And, regardless of whether the doctrine was raised by defendant, plaintiff, in opposing defendant's motion to dismiss, "clearly articulated the elements of issue preclusion and analyzed their applicability to his complaint." *Young,* 92 Fed.Cl. at 434 n. 9.

■ Plaintiff's objection to the lack of an oral hearing is similarly not well taken. There is no blanket due process right to oral argument. *See FCC v. WJR, The Goodwill Station,* 337 U.S. 265, 276, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949) ("Certainly the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law, or indeed even substantial ones, are raised."); *Zaluski v. INS,* 37 F.3d 72, 73 (2d Cir.1994) ("Oral argument is not a necessary component of due process in all circumstances."); *Magnesium Casting Co. v. Hoban,* 401 F.2d 516, 518 (1st Cir.1968) ("Due process does not require oral argument in every case ...."); *see also Rhaburn v. United States,* No. 2010–5017, 2010 WL 3034666, at *2, —— Fed.Appx. ——, —— (Fed.Cir. July 30, 2010) (unpublished) (concluding, in response to the plaintiff's complaint that the trial court dismissed his case "without an oral hearing," that "where the facts are undisputed, the law is clear, and [plaintiff]'s views were presented and considered, ... no violation of due process occurred"). Nor does the Tucker Act, the governing jurisdictional statute in this case, require oral argument. *See generally* 28 U.S.C. § 1491 (2006). And, while RCFC 12(i) requires the court to "hear[ ] and decide[ ]" certain motions before trial, the court may "hear" those motions without oral

argument. *See Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir.1998) ("Every circuit to consider the issue has determined that the "hearing" requirement[ ] of Rule 12 ... do[es] not mean that an oral hearing is necessary, but only require[s] that a party be given the opportunity to present its views to the court."); *Hall v. United States*, 89 Fed.Cl. 102, 106 n. 1 (2009) ("Though RCFC 12(i) guarantees a party a 'hearing' on Rule 12 motions, the opportunity to brief the issue in writing satisfies this requirement."). In this case, the court carefully considered the allegations in plaintiff's complaint and the arguments in plaintiff's response in opposition to defendant's motion to dismiss and determined, pursuant to its discretion,[3] that oral argument was unnecessary. *Young*, 92 Fed.Cl. at 430; *see also Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 448 (2d Cir.1995) ("Courts have broad discretion to determine how much, if any, oral argument is appropriate in a given case."). Accordingly, neither the court's discussion of issue preclusion nor the court's decision to dispense with oral argument violated plaintiff's due process rights.

In sum, plaintiff has described no legal error or manifest injustice that would support a grant of reconsideration in this case pursuant to RCFC 59(a). Plaintiff's motion is therefore denied.

### III. MOTION FOR RELIEF FROM JUDGMENT

■ Plaintiff also seeks relief from the court's judgment pursuant to RCFC 60(b). The court may grant such relief for one of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

RCFC 60(b). Although plaintiff does not directly specify the grounds upon which he bases his motion, the language he uses implicates RCFC 60(b)(6). *See* Mot. 2 (arguing that the "judgment ... ought not, in equity and good conscience, be enforced"), 6 (asserting that "extraordinary and/or exceptional circumstances exist that warrant relief"), 10 (requesting that the court "relieve him from a judgment that he can't fairly defend"). Relief under RCFC 60(b)(6) is available only in "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *accord Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Info. Sys. & Networks Corp. v. United States*, 994 F.2d 792, 795 (Fed.Cir.1993).

All but one of the arguments plaintiff advances in support of his motion for relief from judgment are the same as the arguments he advanced in support of his motion for reconsideration. *See* Mot. 1–11. Because the court has already determined that plaintiff cannot obtain the extraordinary relief provided by RCFC 59(a) based on those contentions, it would be nonsensical to find, based on the same contentions, that plaintiff has described extraordinary circumstances

---

3. The court has broad discretion to manage its docket. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (remarking on "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1358 (Fed.Cir.2008) (noting that federal district courts "are afforded broad discretion to control and manage their dockets"); *Univ. of W. Va. Bd. of Trs. v. VanVoorhies*, 278

F.3d 1288, 1295 (Fed.Cir.2002) ("This court defers to the judgment of the trial court on matters closely associated with the standard functions of the adjudicative process, as long as that judgment is not an abuse of the trial court's discretion."); *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 899 F.2d 1171, 1177 (Fed.Cir.1990) ("A trial court has broad discretionary authority in managing the litigation before it....").

entitling him to relief from this court's judgment.

■ The only new argument advanced by plaintiff in support of his RCFC 60(b) motion is that the judgment should be reopened to allow for the transfer of this case to a court of competent jurisdiction.[4]  Plaintiff states:

> If neither the [Board of Veterans' Appeals] nor the Court of Federal Claims has jurisdiction over [plaintiff]'s claim, [plaintiff] respectfully requests the Court transfer his case to the Court of appropriate jurisdiction to hear his case so he may have a full and fair opportunity to argue the merits of his claim.  If no Court has exclusive jurisdiction over the separation pay statute of 10 U.S.C. § 1174, then the law is unconstitutional [and], respectfully, [plaintiff] then requests a hearing to determine the constitutionality of this law due to the law itself prevent[ing] due process of [plaintiff's] current claim.

*Id.* at 9. Federal law mandates transfer if (1) the transferring court lacks jurisdiction, (2) the transfer is in the interest of justice, and (3) the transferee court is a court in which the complaint could have been filed at the time the complaint actually was filed.  28 U.S.C. § 1631 (2006).  For the purposes of the transfer statute, the term "court" includes "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." *Id.* § 610, *cited in id.* § 1631.

■ Based on the plain language of the transfer statute, the court lacks the authority to transfer plaintiff's 10 U.S.C. § 1174(h)(2) claim to another forum.[5]  Contrary to plaintiff's suggestion, the Board of Veterans' Appeals possesses jurisdiction to adjudicate claims for the recovery of separation pay deducted from veterans disability compensation by operation of section 1174(h)(2).[6]  *See* 38 U.S.C. § 7104 (2006) (indicating that the Board of Veterans' Appeals possesses jurisdiction to render final decisions in disputes concerning the provision of veterans benefits (citing 38 U.S.C. § 511(a))); *Carlisle v. United States*, 66 Fed.Cl. 627, 633

---

4. The court is precluded from considering this argument under RCFC 59(a) because plaintiff did not previously request a transfer and, therefore, the court did not, in its April 22, 2010 Opinion and Order, discuss whether a transfer would be appropriate.  The court cannot reconsider a ruling it did not make.  *See generally Bluebonnet Sav. Bank, F.S.B. v. United States*, 466 F.3d 1349, 1361 (Fed.Cir.2006) ("[A]n argument made for the first time in a motion for reconsideration comes too late, and is ordinarily deemed waived and not preserved for appeal.").

5. To the extent that plaintiff's claim is characterized as a claim for wrongful discharge, transfer would be improper because the Court of Federal Claims possesses jurisdiction to entertain wrongful discharge claims.  *See Holley v. United States*, 124 F.3d 1462, 1465 (Fed.Cir.1997) ("If the discharge was wrongful the statutory right to pay continues; this right serves as the basis for Tucker Act jurisdiction.").

6. It appears that plaintiff misconstrues the concept of jurisdiction.  In his motion, he contends that the Board of Veterans' Appeals lacks jurisdiction, asserting:

> Unambiguously, the [Board of Veterans' Appeals] has determined, in every argument submitted by a veteran[,] that the recoupment of separation pay pursuant to 10 U.S.C. § 1174 is either unfair [sic], improper [sic] or for what-

ever reason, remains a "requirement made by the Congress" and the [Board of Veterans' Appeals] dismisses these claims as a "failure to state a claim."

Mot. 8. As the Federal Circuit has explained:

> Sometimes the question of subject matter jurisdiction gets confused with the question of entitlement to relief, that is, whether a cause of action has been stated in the complaint, or later proved.... In response to plaintiff's complaint, defendant may argue that the plaintiff's chosen forum lacks jurisdiction over the subject matter.... A decision by the forum that the facts as alleged do not fall within its subject matter jurisdiction is properly characterized as a dismissal for want of jurisdiction.
>
> Defendant may also argue that the complaint's factual allegations fail to state a claim upon which relief can be granted...  Assuming that jurisdiction has not been challenged, or if challenged, jurisdiction has been found to exist on the basis of well-pleaded allegations in the complaint, *a decision by the forum that the complaint fails to state a claim upon which relief can be granted is a decision on the merits* of the pleaded cause.

*Spruill v. Merit Sys. Protection Bd.*, 978 F.2d 679, 686 (Fed.Cir.1992) (emphasis added).  Accordingly, the rulings of the Board of Veterans' Appeals described by plaintiff are decisions on the merits, not jurisdictional dismissals.

678

(2005) (noting that the Board of Veterans' Appeals "regularly consider[s]" claims concerning the reduction of disability compensation through the recoupment of separation pay). In fact, the Board of Veterans' Appeals has considered, on numerous occasions, the merits of claims concerning the application of section 1174(h)(2) without questioning its jurisdiction to do so. *See, e.g.,* No. 0908385, 2009 WL 1273972 (Bd.Vet.App. Mar. 6, 2009); No. 0712041, 2007 WL 3184583 (Bd.Vet.App. Apr. 25, 2007). And, the United States Court of Appeals for Veterans Claims, which possesses appellate jurisdiction over the Board of Veterans' Appeals, 38 U.S.C. § 7252(a), has reviewed Board decisions concerning the application of section 1174(h)(2) without raising any objections to the Board's exercise of jurisdiction to issue those decisions. *See, e.g., Majeed v. Nicholson,* 19 Vet.App. 525 (2006).

 However, as an administrative body within the VA, the Board of Veterans' Appeals is not a "court" as defined by the transfer statute. *See* 28 U.S.C. § 610, *cited in id.* § 1631; *Schafer v. Dep't of the Interior,* 88 F.3d 981, 987 (Fed.Cir.1996) ("Administrative bodies ... are not included within the applicable definition of 'courts.'"); *Jackson v. United States,* 80 Fed.Cl. 560, 566 (2008) ("The Board of Veterans' Appeals is an administrative agency within the Department of Veterans Affairs...."). Thus, even though the Board of Veterans' Appeals possesses jurisdiction over claims concerning the reduction of disability compensation, this court is foreclosed from transferring plaintiff's complaint to that body. *Accord Jackson,* 80 Fed.Cl. at 566 (holding that the Court of Federal Claims cannot transfer a complaint alleging a denial of veterans benefits to the Board of Veterans' Appeals, the United States Court of Appeals for Veterans Claims, or the Federal Circuit). Because there is no court to which plaintiff's complaint can be transferred, this court is compelled to deny plaintiff's transfer request.

In sum, plaintiff has not described any extraordinary circumstances that would cause the court to relieve him from judgment

pursuant to RCFC 60(b). Plaintiff's motion is therefore denied.

## IV.  CONCLUSION

For the reasons set forth above, the court **DENIES** plaintiff's motion for reconsideration and **DENIES** plaintiff's motion for relief from judgment.[7]

**IT IS SO ORDERED.**

---

7. In the event that the court denied his motions, plaintiff requested a rehearing en banc. Mot. 10.

Because the Court of Federal Claims does not sit en banc, plaintiff's request is denied.