# In the United States Court of Federal Claims

No. 21-1080C

(Filed:  November 10, 2021)

```
*************************************
EDWARD MCLARNON,                     *
                                     *
            Plaintiff,               *
                                     *
v.                                   *     Pro Se Plaintiff; Motion for
                                     *     Reconsideration
THE UNITED STATES,                   *
                                     *
            Defendant.               *
*************************************
```

Edward McLarnon, Oakdale, LA, pro se.

Michael Austin, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Senior Judge

Plaintiff Edward McLarnon, a prisoner in a federal corrections facility proceeding pro se, moves for reconsideration of the court's dismissal of his claims, relying on Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC").  The court held that it lacks "jurisdiction to consider any aspect of Mr. McLarnon's complaint."  McLarnon v. United States, 154 Fed. Cl. 459, 463 (2021).  In his motion, Mr. McLarnon argues that he presented in his complaint a breach-of-contract claim within this court's jurisdiction.  For the reasons set forth below, Mr. McLarnon's motion for reconsideration is denied.

## I.  BACKGROUND

Mr. McLarnon filed his complaint in this court on March 15, 2021.[1]  The title of the document was "Petitioner's Original Bill in Equity for Specific Performance for Breach of Contract."  Compl. 1.  There were forty defendants listed in the complaint, in addition to the first listed defendant, the United States.  Id. at 5-12.  The individual defendants included a former Attorney General of the United States, a number of federal judges, other court personnel, federal prosecutors, and federal law enforcement officers.

---

[1]  Although styled as a petition, with Mr. McLarnon identified as the petitioner and the various defendants identified as respondents, the court uses the appropriate terms to describe the pleading.

There were 141 consecutively numbered paragraphs in the main body of the complaint. Id. at 5-68. The paragraph numbered 141, which addressed an alleged "den[ial of] the fundamental right of Due Process by the direct and proximate acts of the Respondent Parties," id. at 31, was divided into over 200 lettered and numbered subparagraphs, id. at 31-68. The lengthy complaint also included a number of sections that addressed jurisdiction and venue. Id. at 12-28.

Mr. McLarnon identified three causes of action in the complaint; it was the first, "Violations Regarding Due Process," that recounted the greatest number of factual allegations, all of which focused on the criminal investigation and subsequent events that led to Mr. McLarnon's incarceration. Id. at 31-68. Mr. McLarnon's second cause of action, "Allegations Regarding Specific Performance," spoke of contractual instruments that purportedly entitle him to relief from the defendants in the form of specific performance. Id. at 68-70. Mr. McLarnon's third cause of action, titled "Due Process," focused again on criminal proceedings, in particular on the trial judge's rejection of the objections and motions that Mr. McLarnon presented during his criminal trial. Id. at 73-74.

Most pertinent to the issues raised in Mr. McLarnon's motion for reconsideration, there were sixteen numbered paragraphs in the section of the complaint labeled "Factual Allegations" that purported to identify a contractual relationship with the named defendants. Id. at 28-31. This purported relationship sprang from a series of documents allegedly created by Mr. McLarnon and allegedly served on the individual defendants. The names of these documents, which were not attached to the complaint, were as follows: "NOTICE-PRIVATE INTERNATIONAL REMEDY DEMAND"; "NOTICE OF FAULT-OPPORTUNITY TO CURE"; and "NOTICE OF DEFAULT-CONSENT TO DECREE." Id. According to Mr. McLarnon, once he served these documents on the individual defendants at their workplaces and received no response by the times specified, a valid contract was formed and these defendants breached the contracts. Id. The terms of the alleged contracts were not explained with any specificity, nor was Mr. McLarnon's monetary demand for liquidated damages linked to any alleged breach of contract—instead, these liquidated damages were to compensate him for "illegal arrest, malicious prosecution and conviction, and unconstitutional incarceration." Id. at 72-73.

The government filed a motion for summary dismissal of the complaint for lack of jurisdiction, noting that although the meandering commentary in the complaint was unintelligible in places, it appeared that Mr. McLarnon's primary concern was with how he was charged and convicted. After receiving a response brief from Mr. McLarnon and the government's reply brief, the court agreed with defendant's jurisdictional analysis and dismissed the complaint. The court addressed four principal jurisdictional issues in its July 9, 2021 opinion, holding that it lacks jurisdiction over claims against defendants other than the United States, requests for specific performance of contract obligations, claims founded on allegations of due process violations or criminal conduct, and requests to review and overturn decisions of criminal courts. Judgment issued on the same day.

On August 9, 2021, Mr. McLarnon requested a twenty-one day extension of the deadline for filing a motion for reconsideration, asserting that the delay was merited due to a

pandemic-related lockdown at the prison where he is incarcerated. The court extended the filing deadline to August 27, 2021. On August 30, 2021, the court received a submission that was filed by the court's leave, on August 31, 2021, as Mr. McLarnon's motion for reconsideration. Although the court deemed the motion to be untimely based upon its initial review of the docket of this case, it has been given full consideration as if it were timely filed.[2] The court did not require a response from defendant, and oral argument is unnecessary.

## II. STANDARD OF REVIEW

A motion for reconsideration under RCFC 59 is a request for extraordinary relief and is not to be used by a dissatisfied party to relitigate the case. See Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004); Four Rivers Invs., Inc. v. United States, 78 Fed. Cl. 662, 664 (2007); Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd per curiam, 250 F.3d 762 (Fed. Cir. 2000) (table). Consequently, such a motion "does not provide an occasion for a party 'to raise arguments that it could have raised previously, but did not'" or to "reassert arguments that the Court already has considered." Four Rivers Invs., Inc., 78 Fed. Cl. at 664 (quoting Browning Ferris Indus., Inc. & Subsidiaries v. United States, No. 05-738T, 2007 WL 1412087, at *1 (Fed. Cl. May 10, 2007)). However, the court may grant a motion for reconsideration "when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Nat. Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990); accord Biery, 818 F.3d at 711.

## III. DISCUSSION

In his motion for reconsideration, Mr. McLarnon strives to distinguish the claims in his complaint from the claims discussed, and dismissed, by the court in its prior opinion. He argues, for example, that he did not ask the court to overturn his conviction by a federal district court. See Pl.'s Mot. 12 ("Plaintiff did not request that this court 'review the decisions of [a] federal district court' but to award liquidated damages and issue a Decree to have the 'appropriate authorities' specifically perform as detailed in the valid, enforceable contract [he referenced in his complaint]."). But in his complaint Mr. McLarnon specifically requested that this court overturn his criminal conviction so that he could leave prison. See Compl. 69 (requesting that the criminal charges against him be dismissed with prejudice and that he be released from prison). The court correctly dismissed this claim for lack of jurisdiction.

Similarly, Mr. McLarnon denies that the complaint contained claims against individuals,

---

[2] The question of whether Mr. McLarnon's motion for reconsideration was timely filed so as to toll the deadline for an appeal of this court's judgment of July 9, 2021, will be addressed when the court considers his motion to reopen time for appeal, filed October 27, 2021. That motion is currently being briefed and is not yet ripe for decision.

asserting that the only claim stated in the complaint was one against the United States. This assertion is belied by the listing of forty individual defendants in the complaint and the requests for relief that were addressed to "Respondents," plural. Compl. 5-12, 72-73. The court correctly dismissed all of Mr. McLarnon's claims against the forty individual defendants.

The only other substantive argument presented in Mr. McLarnon's motion for reconsideration is his assertion that the complaint contained a breach-of-contract claim within this court's jurisdiction and that the court erred by not allowing this claim to proceed to consideration on the merits. Mr. McLarnon relies on his complaint as well as the civil cover sheet he submitted with the complaint. First, Mr. McLarnon's reliance on his civil cover sheet is inapt. Such a document "is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers."[3] Favors v. Coughlin, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam); see also RCFC 7(a) (defining a pleading submitted by a plaintiff as a complaint, not a civil cover sheet). Second, any breach-of-contract claim set forth in the complaint was either specifically tied to a request for specific performance, a type of equitable relief not available to a plaintiff in this court, Wood v. United States, 961 F.2d 195, 199 (Fed. Cir. 1992), or was obscured by legalese suggesting that his breach-of-contract claim was equitable in nature, see, e.g., Compl. 1 ("Petitioner's Original Bill in Equity for Specific Performance for Breach of Contract"), 13 ("Exclusive Jurisdiction of the United States Court in Equity"), 14 ("This Suit is brought for Breach of Contract, Irreparable Injury, Specific Performance, Injunctive Relief, and Liquidated Damages which are equitable remedies."). The court lacks the equitable powers that would permit it to grant Mr. McLarnon any relief other than money damages for a breach-of-contract claim. See, e.g., Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act does not provide independent jurisdiction over . . . claims for equitable relief." (citing United States v. King, 395 U.S. 1, 2-3 (1969))).

In its prior opinion, the court did not mention a breach-of-contract claim against the United States seeking money damages for the simple reason that such a claim was difficult, if not impossible, to discern in Mr. McLarnon's complaint. Further, even if the complaint could be read to have included such a claim, it was utterly frivolous. The serving of patently absurd notices of fault or default on officials of the United States, as described by Mr. McLarnon in his complaint, is insufficient to support jurisdiction in this court. E.g., Miles v. United States, No. 14-416C, 2014 WL 5020574, at *1-5 (Fed. Cl. Oct. 6, 2014); Harris v. United States, No. 13-824C, 2014 WL 10936253, at *1-2 (Fed. Cl. Apr. 16, 2014).

Finally, Mr. McLarnon asserts that three federal statutes, 5 U.S.C. § 702 and 28 U.S.C. §§ 1491, 1495, confer jurisdiction on this court to consider his breach-of-contract claim. None of these statutes was referenced in his complaint. Instead, he referenced 28 U.S.C. § 2675, Compl. 72, which addresses the adjudication of tort claims against the United States, a type of claim not within this court's jurisdiction. E.g., Lagala v. United States, 225 Ct. Cl. 645, 646

---

[3] Mr. McLarnon did not use this court's civil cover sheet but one from another court; this document was docketed as a component of his motion to proceed in forma pauperis, a motion that was denied as moot once he paid the court's filing fee.

(1980). Further, even if he had included in his complaint these three new statutory references, jurisdiction still does not lie for his claim against the United States, for three reasons. First, this court does not have jurisdiction to review agency actions under 5 U.S.C. § 702. E.g., Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997). Second, because Mr. McLarnon does not allege that his criminal conviction has been formally overturned, a monetary claim for unjust conviction and imprisonment is not within this court's jurisdiction under 28 U.S.C. § 1495. See, e.g., Phang v. United States, 87 Fed. Cl. 321, 330 (2009) (noting the requirement, found in 28 U.S.C. § 2513, that a conviction be reversed or pardoned before such a claim can proceed in this court), aff'd, 388 F. App'x 961 (Fed. Cir. 2010). Third, as discussed above, Mr. McLarnon's breach-of-contract claim against the United States is frivolous and is not encompassed within the jurisdictional grant of 28 U.S.C. § 1491. See Harris, 2014 WL 10936253, at *2 (dismissing contract claim on the basis that it was "patently absurd" and frivolous (citing Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1309 (Fed. Cir. 2008))).

## IV. CONCLUSION

Mr. McLarnon has not identified any reason for the court to reconsider its ruling that it lacks jurisdiction over the claims stated in his complaint. Accordingly, his motion for reconsideration is **DENIED**. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an attempt to proceed in forma pauperis in an appeal of this order would not be in good faith because, as alleged, Mr. McLarnon's claims are clearly beyond the subject matter jurisdiction of this court.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Senior Judge