# In the United States Court of Federal Claims

No. 04-786
Filed: April 9, 2025

|  |  |
|---|---|
| SACRAMENTO GRAZING ASSOCIATION, INC., *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

*Michael Joseph Van Zandt*, Hanson Bridgett, San Francisco, CA, for plaintiffs.

*Kristine Sears Tardiff*, U.S. Department of Justice, Environment and Natural Resources Division, Concord, N.H., for defendant.

## ORDER

*SMITH*, Senior Judge

Before the Court is plaintiffs' Motion for Reconsideration of the July 23, 2021, reconsideration Opinion and Order. *See generally* Plaintiffs' Motion for Reconsideration, ECF No. 316 [hereinafter Pls.' Mot.] For the following reasons, the Motion is **GRANTED** and the July 23, 2021, reconsideration Opinion and Order, ECF No. 287, is **VACATED**. *E.g.*, *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (outlining that "a court, in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." (quoting *Young v. United States,* 94 Fed. Cl. 671, 674 (2010)).

\* \* \*

On May 23, 2023, a New Mexico State Court's decision quieted title on plaintiffs' New Mexico Water License No. SD-05076 ('Water License'). *See* Pls.' Mot. Ex. A at 1–2. No party contests this fact. *Compare id.* at 8–11 *with* Defendant's Response to Plaintiffs' Motion for Reconsideration at 5–7, ECF No. 318 [hereinafter Def.'s Resp.]. So the essential question is: Did this quiet title action *create a property interest* in accessing and/or in owning the licensed bodies of water themselves? That inquiry—a mixed question of fact and law—remains unresolved, making trial necessary. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court thus vacates its previous July 23, 2021, reconsideration Opinion and Order. *See Biery*, 818 F.3d at 711.

True, as defendant correctly observes, plaintiffs' Water License does not itself assign plaintiffs as the owner of the waters at issue. Def.'s Resp. at 5; *see* Pls.' Mot. Ex. B at 14 ("This Decision simply quiets [plaintiffs'] claimed water rights[.] . . . Should [plaintiffs] seek to quiet title in a more absolute form of water right such as an adjudicated water right," a new lawsuit is required). But while a water license alone does not confer ownership rights, this fact does not invalidate the licensee's property interest in the waters altogether.[1] *Cf. Ligado Networks LLC v. United States*, No. 23-1797L, Order Granting In Part and Denying In Part Defendant's Motion to Dismiss at 9, ECF No 31 (November 18, 2024) (holding that a Federal Communications Commission "license is a property interest.") (hereinafter '*Ligado* Order'). Precedent suggests this possibility because if a "[g]overnment action['s] . . . effects are so complete as to deprive the [claimant] of all or most of his interest in the subject matter . . . [it can] amount to a taking" under the Fifth Amendment of the United States Constitution. *United States v. Gen. Motors Corp.*, 323 U.S. 373, 378 (1945); *e.g.*, *Est. of Hage v. United States*, 687 F.3d 1281, 1290 (Fed. Cir. 2012) ("We agree with the Hages that the government could not prevent them from accessing water to which they owned rights without just compensation. The government, for example, could not entirely fence off a water source, such as a lake, and prevent a water rights holder from accessing such water. Assuming the other criteria for a Fifth Amendment taking were met, such fencing could be a taking."). In other words, as a licensee has an inherent property right to utilize its rights under the license, *cf. Ligado* Order at 9, if the government *entirely* prevented plaintiffs from utilizing its Water License, *e.g.*, *Est. of Hage* at 1290, then plaintiffs may be able to prove a taking has occurred.

The trial shall focus on factual testimony regarding two questions. *First*, do plaintiffs have a cognizable property interest—under New Mexico State Law—in accessing and/or in owning the body of water at issue because of its Water License? *Second*, if plaintiffs do have such a property interest, has the government taken steps "so complete as to deprive the [plaintiffs] of all or most of [its] interest in" utilizing its Water License rights? *Gen. Motors Corp.*, 323 U.S. at 378.

The trial should occur sometime in either September or October of 2025 in New Mexico.[2] The parties **SHALL** jointly submit dates that work for both during this time-period on or before **April 30, 2025**. Given the age of this case, settlement is ***encouraged***. No further reconsideration motions will be heard until trial has occurred.

> **IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge

---

[1] Indeed, the state court hints at this reality when it directs plaintiffs to initiate another lawsuit if they wish their quiet title to become a "more absolute form of water rights," *i.e.*, a water ownership right, and pronounced that "only the courts are given the power and authority to adjudicate" such an issue. Pls.' Mot. Ex. B at 13–14. Of note, defendant agrees this interpretation of the state court decision is correct. *E.g.*, Def.'s Resp. at 4–5.

[2] Defendant makes several other arguments in its response to plaintiffs' reconsideration motion. The Court does not reach those arguments here. Defendant may reassert those arguments at trial, if it so chooses.