**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 03-0747

SALAHUDIN MAJEED, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued November 15, 2005                              Decided March 9, 2006 )

*John E. Howell*, of Washington, D.C., for the appellant.

*Richard Mayerick*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Carolyn F. Washington*, Deputy Assistant General Counsel, all of Washington, D.C., were on the briefs for the appellee.

Before KASOLD, MOORMAN, and DAVIS, *Judges*.

KASOLD, *Judge*: Veteran Salahudin Majeed appeals through counsel a March 19, 2003, decision of the Board of Veterans' Appeals (Board) that determined that $24,039.94 was the proper amount of his separation pay to be recouped by the Secretary from the VA disability compensation otherwise due Mr. Majeed for his service-connected disabilities. For the reasons set forth below, that part of the Board's decision will be set aside, and the matter will be remanded.

**I. BACKGROUND**

Mr. Majeed served in the U.S. Army from December 1981 to September 1992, achieving the rank of staff sergeant. Record (R.) at 18. He left active duty pursuant to the Enlisted Voluntary Early Transition Program and was entitled to a special separation benefit (SSB) of exactly

$30,058.67, from which $9,529.54 was withheld for repayment of debts to the Army.[1]  R. at 49.  Mr. Majeed subsequently served on active duty for training as a first lieutenant from February to July 1993.  R. at 17.  In January 1994, he filed a claim for VA disability compensation.  *See* R. at 67.  In August 1994, the Atlanta, Georgia, VA regional office (RO) granted Mr. Majeeds's various claims for service-connected disability benefits and awarded him a 20% disability rating for diabetes mellitis, 10% for hearing loss, 10% for hypertension, and 0% for an appendectomy, all effective September 1993.  R. at 20.  The Atlanta RO, however, did not indicate the period of service for which the service-connected disabilities were associated.  *Id.*; *see also* R. at 39-40.

At some point shortly thereafter, although not reflected in the record on appeal, Mr. Majeed was advised that pursuant to 10 U.S.C. § 1174 his disability compensation would be offset by $30,058.67 in separation benefits he had received.  *See* R. at 28.  Mr. Majeed filed a Notice of Disagreement (NOD) to this offset decision.  R. at 23.  The Atlanta RO issued a Statement of the Case, wherein it determined that Mr. Majeed's disability compensation benefits "will continue to be held until all of the $30,058.67 separation pay (SSB) has been recouped."  R. at 28.  The RO also determined that all of Mr. Majeed's disabilities were incurred in "the same period of service for which the veteran was granted service connected disability compensation."  *Id.*

A February 1997 Board decision found that it was not clear from the Atlanta RO's decision whether service connection was established for diabetes mellitus and hypertension on a presumptive basis with regard to Mr. Majeed's first or second period of service and further found unclear the basis for the effective dates for all four awards of service connection.  R. at 39-40.  The Board, citing to 38 C.F.R. § 3.700(a)(5)(ii),[2] remanded the matter to the Winston-Salem, North Carolina, RO to, inter alia, determine the appropriate amount to be recouped and to address the effective date for the award

---

[1]  *Compare* Record (R.) at 18 (showing separation entitlement as $30,058.67) *with* Supplemental R. at 1 (showing separation entitlement as $30,049.92).  Variations exist throughout the record on appeal as to the exact dollar amounts.  The Court will use the actual determinations as set forth in the relevant documents and note the discrepancies as necessary.

[2]  Section 3.700(a)(5)(ii) provides that the "receipt of separation pay does not affect the payment of disability compensation based on a subsequent period of service.  Compensation payable for service-connected disability incurred or aggravated in a subsequent period of service will not be reduced for the purpose of offsetting separation pay based on a prior period of service."  38 C.F.R. § 3.700(a)(5)(ii) (2005); *see also* 10 U.S.C. § 1174(h)(2).

of compensation for Mr. Majeed's service-connected disabilities.[3]  R. at 38-41.  In April 1998, after $30,049.92 in SSB had been recouped (*see* R. at 84), the Winston-Salem RO determined that, although Mr. Majeed was "entitled to Separation Pay (SSB) in the amount of $30,284.68,"[4] the "correct" amount to have been recouped in SSB was $20,755.14.  It made this determination on the basis that "the Service Department deducted the amount of a re-enlistment bonus [$9,529.54] from his Separation Pay (SSB) entitlement [$30,284.68]" and therefore the "actual amount of the veteran's Separation Pay (SSB) amount to be recouped was $20,755.14."  R. at 51.  Since $30,049.92 had already been recouped, a check for $9,529.54 was issued to Mr. Majeed.  R. at 50-51.  The RO cited to 38 C.F.R. § 3.700(a)(5)(ii) and found again that all of Mr. Majeed's disabilities were incurred in his first period of service.

The Winston-Salem RO returned the matter to the Board.  R. at 56.  In a July 1998 decision, the Board noted that the Winston-Salem RO's determination that $20,755.14 was the proper amount to be offset (i.e., $30,284.68[5] to which Mr. Majeed was entitled, less $9,529.54 withheld as repayment of Mr. Majeed's re-enlistment bonus), was not an issue and it therefore made no specific findings on that issue.  R. at 59.  The Board also affirmed the Winston-Salem RO's determination that Mr. Majeed had incurred all of his disabilities in his first term of service, and it determined that the August 1994 Atlanta RO rating decisions assigning the effective date of September 1993 for each of Mr. Majeed's disability compensation awards was erroneous.  The Board found that the correct effective date for each disability claim was January 24, 1994, the date he submitted his claims.  R. at 67, 68.

On appeal to the Court, Mr. Majeed joined the Secretary's motion to vacate the Board's July 1998 decision and to remand the matter to the Board for it to consider the impact of an intervening amendment to 10 U.S.C. § 1174(h)(2), which excluded from recoupment the amount of Federal taxes withheld from the SSB payment.  R. at 71-76, 78.  The joint motion specifically noted that the Board should consider both the old and the new provisions of law regarding recoupment under section

---

[3]  The change from the Atlanta RO to the Winston-Salem RO was due to Mr. Majeed's relocation.  *See* Appellant's Brief (Br.) at 2.

[4]  *See* note 1, *supra*.

[5]  *See* note 1, *supra*.

1174(h)(2). R. at 73. The Court granted the joint motion, vacated the Board's decision, and remanded the matter for readjudication. R. at 80. Although the record is silent as to the proceedings at the Board on remand, the matter was ultimately returned to the RO.

In September 1999, the Baltimore, Maryland, RO determined on remand that the proper computation of the amount to be recouped pursuant to the amended section 1174(h)(2) was the full amount of the SSB paid to Mr. Majeed minus Federal income taxes paid on that amount.[6] The Baltimore RO found that (1) Mr. Majeed's discharge paperwork had shown an estimated SSB payment of $30,058.67, but that his Leave and Earnings Statement revealed the SSB payment to be $30,049.92, (2) $9,074.22 was deducted from the SSB for recoupment of a re-enlistment bonus, (3) $6,009.98 in Federal income taxes was withheld from the SSB, and (4) Mr. Majeed had received an SSB check in the amount of $20,755.14. R. at 84. Applying amended section 1174(h)(2), the RO determined that "the amount of the veteran's Special Separation Benefit (SSB) subject to recoupment from VA benefits is the total SSB payable ($30,049.92), minus tax withheld ($6,009.98), which is $24,039.94." R. at 85. The Baltimore RO further determined that, because Mr. Majeed was "erroneously refunded $9,529.54 when he should have been refunded tax withheld from SSB payment, which was $6,009.98 . . . the veteran is overpayment [sic] of $3,519.56." R. at 85. The matter was again returned to the Board, which in August 2000 affirmed the Baltimore RO's finding that the amount to be recouped was $24,039.94. R. at 119-25.

In October 2002, on further appeal, the Court found the reasons and bases for the Board's determination to be inadequate, vacated the Board's decision, and remanded the matter for readjudication. *See Majeed v. Principi*, 16 Vet.App. 421 (2002). The Court focused primarily on the failure of the Board to consider several regulatory provisions – i.e., 38 C.F.R. §§ 1.912a (2001), 3.105(h) (2001), and 3.2600 (2001) – that were potentially applicable to the decision that $24,039.94 was the appropriate amount to recoup. *See Majeed*, 16 Vet.App. at 431-34.

In the March 2003 decision on appeal, the Board determined that § 3.105(h) and § 3.2600 were not applicable to this case and that the Secretary had complied with the requirements of § 1.912a. Citing to 38 U.S.C. § 1174(h)(2), the Board found that the April 1998 Winston-Salem

---

[6] The change from the Winston-Salem RO to the Baltimore RO was due to Mr. Majeed's relocation. *See* Appellant's Br. at 3.

RO's determination that $20,755.14 was the amount to be recouped was erroneous and again determined that $24,039.94 was the proper amount to recoup.  R. at 12-13.

## II. ANALYSIS

### A. Alleged Misapplication of 10 U.S.C. § 1174

Mr. Majeed argues that the Board's decision should be vacated on the basis that the recoupment of his entire SSB was made under an incorrect statutory authority.  He points to the Board's citation to 10 U.S.C. § 1174 and particularly to subsection 1174(h)(2), which generally provide the statutory authority for recoupment of separation benefits paid to service members who were involuntarily discharged or denied reenlistment. *See* 10 U.S.C. § 1174(b).  Mr. Majeed asserts that he was neither involuntarily discharged nor denied reenlistment, as shown by the discharge code on his discharge paperwork and that the Board erred by applying section 1174 and specifically subsection (h)(2).  As the Secretary conceded at oral argument, Mr. Majeed is correct in his assertion that section 1174 generally is not applicable to his SSB.  Nevertheless, as more fully discussed in subsections II.B and II.C.1, below, it was appropriate for the Board to apply section 1174(h)(2).  Section 1174a, title 10, U.S. Code, which does govern the payment of SSB to Mr. Majeed, as he conceded at oral argument, explicitly makes section 1174(h)(2) applicable to SSB paid under section 1174a.  *See* 10 U.S.C. § 1174a(g) ("Subsections (e) through (h) . . . of section 1174 of this title shall apply in the administration of programs established under this section.").

Accordingly, although the full statutory authority governing Mr. Majeed's SSB was not set forth in the Board's decision, the Board nevertheless cited the correct statutory authority under which Mr. Majeed's SSB was to be recouped.  To the extent that there could be error for the failure to specifically cite section 1174a(g) and the cross-references between sections 1174 and 1174a, such error is harmless. *See NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (stating that judicial review of an agency's action should not be converted into "a ping-pong game" where remand is "an idle and useless formality"); *Soyini v. Derwinski*, 1 Vet.App. 540, 546 (1991) (strict adherence to the reasons-or-bases requirement "would result in this Court's unnecessarily imposing additional burdens on the [Board and the Secretary] with no benefit flowing to the veteran.  This we cannot do."); *see also* 38 U.S.C. § 7261(b)(2) (Court shall take due account of the rule of prejudicial error);

*Conway v. Principi*, 353 F.3d 1369, 1374-75 (Fed. Cir. 2004) (same); *Marciniak v. Brown*, 10 Vet.App. 198, 201 (1997) (holding that, "[i]n the absence of demonstrated prejudice," remand unnecessary); *Parker v. Brown*, 9 Vet.App. 476, 481 (1996) (same).

B.  Scope of 10 U.S.C. § 1174(h)(2)

Throughout the processing of his claim, Mr. Majeed has vigorously contested on various theories the validity of the Secretary's recoupment of his separation pay.  Perhaps because the regulations that implement 10 U.S.C. §§ 1174 and 1174a, and in particular section 1174(h)(2), provide no guidance as to the process and procedure for making a recoupment determination, the entire matter has been handled on a piecemeal basis with a determination that Mr. Majeed incurred disabilities in his first term of service made at one juncture, a determination that the amount to be recouped was $20,755.14 at another juncture, and a determination that revised the amount to be recouped to $24,039.94 at yet another.  As each of these piecemeal determinations was made, however, the various RO and Board decisions never addressed whether the disability compensation due to Mr. Majeed resulted from his first or second term of service.  As discussed below, the Board failed to fully address the scope of the applicable statutory sections, particularly 1174(h)(2).  *See Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991) (Board is required to consider all evidence of record and to consider, and discuss in its decision, all "potentially applicable" provisions of law and regulation); *see also* 38 U.S.C. § 7104(a).

Section 1174(h)(2) provides that a veteran who has received separation pay under sections 1174 or 1174a, and thereafter qualifies for disability compensation pay, shall have deducted from his disability compensation pay an amount equal to the total amount of separation pay minus Federal income tax withheld from the separation pay.  *See* 38 U.S.C. §§ 1174(h)(2), 1174a(g); 38 C.F.R. § 3.700(a)(5)(i) (2005).  Significantly, the recoupment of separation pay is permitted under the law only as to "disability compensation" that is related to a period of service for which separation pay is awarded.  *See* 38 U.S.C. §§ 1174(h)(2), 1174a(g); 38 C.F.R. § 3.700(a)(5)(ii).

Recoupment is not tied solely to a decision that a veteran's service-connected ***disability*** relates back to or was incurred in the specific period of service for which separation pay has been awarded; rather, it is tied to whether the disability ***compensation*** being paid is associated with the period of service for which separation pay was awarded.  Both statutory section 1174(h)(2) and

6

regulatory § 3.700(a)(5)(ii) make clear that only that part of a veteran's disability compensation that is directly associated with a period of service for which separation pay was awarded may be recouped against the separation pay. Any disability compensation associated with other periods of service may not be recouped against the veteran's separation pay. For example, if a veteran has a 0% (noncompensable) disability rating associated with a period of service for which separation pay was received and an additional 10% disability rating associated with a different period of service, no separation pay can be recouped. Similarly, if a veteran has a 20% disability rating associated with a period of service for which separation pay was received and an additional 10% disability rating associated with a different period of service, recoupment can be against only the compensation awarded for the 20% disability rating and not the compensation awarded for the 10% disability rating. In this second example, although the full amount of separation pay ultimately can be recouped, it would be accomplished at a slower rate than it would be if each of the compensable disability ratings, and thus all of the disability compensation, was associated with the period of service for which separation pay was received. Thus, as long as the veteran remains entitled to disability compensation associated with the period of service for which separation pay was received, any separation pay awarded will eventually be recouped against that compensation.

C. Application of 10 U.S.C. § 1174(h)(2)

The recoupment issues in this case are threefold. First, whether recoupment of the SSB is required in this case at all, which is a question that was never fully assessed by the Board. Second, assuming recoupment is appropriate in this case, whether the Board correctly determined the amount to be recouped. Third, again assuming recoupment is appropriate, whether the July 1998 Winston-Salem RO determination of $20,755.14 as the correct amount to be recouped was properly revised upward by the September 1999 Baltimore RO decision that was affirmed by the August 2000 Board and reaffirmed by the Board decision on appeal. All three issues are discussed below, *seriatim*.

*1. Is Recoupment Required?* As previously noted, recoupment of SSB is only required, and only authorized, to be taken against disability compensation that has been awarded for the same period of service for which SSB has been paid. *See* 10 U.S.C. § 1174(h)(2); 38 C.F.R. § 3.700(a)(5)(ii). If the disability compensation is wholly associated with a different period of service, the SSB may not be recouped. Although it was determined in the proceedings below that

7

Mr. Majeed's disabilities all arose in his first period of service, the Board failed to determine whether those disabilities rose to the level that would make them compensable at that time or whether they only became compensable subsequent to that first period of service. This determination must be made by the Secretary in the first instance, not by the Court. *See Elkins v. Gober*, 229 F.3d 1369, 1377 (Fed. Cir. 2000). Therefore, remand is required. Inasmuch as the record is silent as to whether Mr. Majeed left his first period of service with any disabilities noted, the Board should also consider the applicability and effect of the presumptions of soundness and aggravation to this case. *See* 38 U.S.C. §§ 1111 (wartime presumption of soundness), 1132 (peacetime presumption of soundness), 1153 (presumption of aggravation of preexisting disabilities in service); 38 C.F.R. §§ 3.304 (post-1947 wartime and peacetime presumption of soundness), 3.306(a) (post-1947 wartime and peacetime presumption of aggravation of preservice disabilities); *see also Natali v. Principi*, 375 F.3d 1375 (Fed. Cir. 2004); *Wagner v. Principi*, 370 F.3d 1089, 1097 (Fed. Cir. 2004); *Paulson v. Brown*, 7 Vet.App. 466, 469-70 (1995) ("An individual who has served only on active duty for training must establish a service-connected disability in order to achieve veteran status.").

 *2. Determining the Amount to be Recouped.* Assuming arguendo that recoupment of SSB is required in this case, the question of how to compute the amount to be recouped is a matter of interpretation of a statute, which the Court determines de novo. *See Lane v. Principi*, 339 F.3d 1331, 1339 (Fed. Cir. 2003) ("interpretation of a statute or regulation is a question of law"); *Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc) (Court reviews "questions of law de novo without any deference to the Board's conclusions of law"). In *Sabonis v. Brown*, the Court held that the meaning of section 1174(h)(2), requiring the deduction from VA disability compensation an amount equal to the total amount of separation pay, was "unambiguous." 6 Vet.App. 426, 430 (1994). Thereafter, Congress amended section 1174(h)(2) to provide that the amount of disability compensation deducted would equal the total amount of separation pay, "less the amount of Federal income tax withheld from such pay." Pub. L. 104-201, § 653(a), 110 Stat. 2583 (1996). We again hold that the language of the statute, within the overall structure of the statute, is unambiguous. *See Gardner v. Derwinski*, 1 Vet.App. 584, 586-87 (1991) ("Determining a statute's plain meaning requires examining the specific language at issue and the overall structure of the statute." (citing *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 403-405 (1988))), *aff'd sub nom. Gardner v. Brown*, 5 F.3d

1456 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115 (1994). Thus, the correct computation to determine the amount to be recouped (if any recoupment is to be had) is the full amount of the separation pay less the Federal income taxes paid on that amount, and the Board's application of section 1174(h)(2) in this manner was correct as a matter of law. With regard to the specific dollar amounts, the Board's factual findings that Mr. Majeed was entitled to $30,049.92 in SSB, that $6,009.98 was withheld in Federal income taxes from the SSB, and that $24,039.94 is the correct amount to be recouped, assuming recoupment is appropriate in this case, are supported by the record as a whole and are not clearly erroneous. *See* 38 U.S.C. § 7261(a)(4); *Butts*, 5 Vet.App. at 535 (1993); *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990).

 3. *Revising the Initial Determination.* Mr. Majeed argues that it was impermissible for the Board to find error in the Winston-Salem RO decision that originally determined that only $20,755.14 could be recouped. Appellant's Br. at 22-23. This argument is without merit. On appeal from the 1998 Board decision affirming the Winston-Salem RO's decision, Mr. Majeed joined in the Secretary's motion requesting the Court to remand the matter for consideration of both the new and the old provisions of section 1174(h)(2). *See* Pub. L. 104-201, § 653(a), 110 Stat. 2583 (1996). In so doing, even though the matter had not been argued to or addressed by the Board, Mr. Majeed clearly placed the issue of the amount to be recouped, if any, up for reconsideration, and it was proper for the Court to grant the joint motion for remand and for the Board to address the amount to be recouped. *See Maggitt v. West*, 202 F.3d 1370, 1380 (Fed. Cir. 2000) (holding Court abused its discretion when it declined to remand claim to the Board to consider intervening change in law).

## III. CONCLUSION

 Upon consideration of the foregoing, that part of the 2003 Board's decision that $24,039.94 was the proper amount of Mr. Majeed's separation pay to be recouped from his VA disability compensation is SET ASIDE, and the matter is REMANDED to the Board to address in the first instance whether Mr. Majeed's disabilities arose to a compensable level during his first period of service. On remand, Mr. Majeed may present any additional evidence and argument in support of the matters remanded, and the Board must consider any evidence and argument so presented. *See*

*Kay v. Principi*, 16 Vet.App. 529, 534 (2002).  The Court expects that the Board will provide expeditious treatment of this matter on remand.  *See* 38 U.S.C. § 7112.

SET ASIDE and REMANDED.