﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190816-20601
DATE: August 31, 2020

ORDER

Entitlement to a waiver of recovery of an overpayment of the Department of Veterans Affairs (VA) monthly compensation benefits in the amount of $4,384 for the period from April 2016 throughout January 2019 is denied. 

FINDINGS OF FACT

1. An overpayment of monthly compensation benefits in the amount of $4,384 was properly created during the period from April 2016 throughout January 2019.

2. Recovery of the overpayment debt in the amount of $4,384 would not result in a deprivation of basic necessities, financial hardship, or nullification of the objectives for which compensation benefits are intended, while a waiver of the debt would result in an unjust enrichment and unfair gain. 

CONCLUSIONS OF LAW

Recovery of an overpayment debt in the amount of $4,384 would not be contrary to the principles of equity and good conscience. 38 U.S.C. § 5302; 38 C.F.R. §§ 1.963, 1.965.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran, a military pensioner, had active service from August 1971 to August 1995. This matter comes before the Board of Veterans’ Appeals (Board) on appeal of a July 2019 decision of the Committee on Waivers and Compromises (COWC) that denied a waiver of recovery of the Veteran’s debt in the amount of $4,384 based on the overpayment of monthly compensation benefits created during the period from April 2016 throughout January 2019.

In October 1994, one year prior to his separation from service, the Veteran married S.A.F. In January 1997, the Veteran and S.A.F. welcomed a daughter, B.J.P. In March 2010, the Veteran became service connected for various disabilities yielding a combined rating of 60 percent. A veteran in receipt of compensation at the rate of 30 percent or more is entitled to additional compensation for a spouse, children, and dependent parents. 38 C.F.R. § 3.4(b)(2). Because the Veteran’s combined rating was in excess of 30 percent, and he notified the agency of original jurisdiction (AOJ) that he had a dependent spouse, S.A.F., and a dependent minor child, B.J.P., his monthly compensation benefits were upwardly adjusted to provide him an additional compensation for his dependents. 

The AOJ’s first notice and all subsequent award notices generated in connection with the award of the additional compensation informed the Veteran of his obligation to notify the AOJ of any changes in the status of his dependents. Further, the award notices included a table of compensation changes notifying the Veteran that B.J.P. would be removed as his dependent minor child on her 18th birthday. 

Effective September 2010, the combined rating for the Veteran’s service connected disabilities was increased to 70 percent. The AOJ’s notice informing the Veteran of the resulting increase in his compensation benefits and in all subsequent notices continued to inform the Veteran of his obligation to notify the AOJ of any changes in the status of his dependents. These award notices also continued to notify him that B.J.P. would be removed as his dependent minor child on her 18th birthday.

B.J.P. turned 18 years old in January 2015. Therefore, the AOJ removed her from the Veteran’s award, and his monthly compensation benefits were recalculated to reflect that, effective February 2015, he had only one dependent, i.e., S.A.F., his spouse. In March 2016, the Veteran and S.A.F. divorced. The Veteran, however, did not notify the AOJ of his divorce. Because the AOJ remained unaware of his divorce, VA continued paying the Veteran’s monthly compensation benefits in the amount that would have been paid for service-connected disabilities yielding a combined rating of 70 percent and for a dependent spouse. 

The Veteran’s combined rating for his service-connected disabilities increased to 80 percent effective July 2016. Therefore, VA began paying him monthly compensation benefits in the amount that would have been paid to a veteran with service-connected disabilities yielding a combined rating of 80 percent and a dependent spouse. 

In March 2018, the AOJ notified the Veteran that, under the Combat-Related Special Compensation (CRSC) and the Concurrent Receipt of Retired and Disability Pay (CRDP) programs established under the Veteran Defense Authorization Acts of 2003 and 2004, certain military retirees were entitled to restoration of some or all of their retired pay that they had to waive in order to receive disability compensation from VA. Because the Veteran was among such military retirees, he was paid a lump sum restorative payment (First CRSC/CRDP Payment) for the period from April 2010 through August 2017. The April 2016 to August 2017 portion of the First CRSC/CRDP Payment was for the period during which the Veteran was divorced from S.A.F. but did not report his divorce to VA. 

In January 2019, the Veteran filed VA Form 21-0538 Status of Dependents Questionnaire reporting his March 2016 divorce to the AOJ. In January 2019, the AOJ issued a notification letter informing the Veteran that S.A.F. was retroactively removed from his monthly compensation benefits award as his dependent spouse effective the date of their divorce. Further, because the Veteran’s January 2019 VA Form 21-0538 indicated that he still deemed B.J.P. as his dependent for compensation purposes but omitted to clarify his basis for asserting her dependency (and the record showed that S.J.P. could no longer qualify as his dependent minor child but, being between 18 and 23 years old, she could have qualified as his dependent school child had she been attending a VA-approved educational institution), the AOJ furnished the Veteran with a VA Form 21-674. 

In February 2019, the Veteran submitted VA Form 21-674 stating that B.J.P. began pursuing a four-year bachelor’s degree right after she turned 18 years old. He clarified that B.J.P. initially attended the Appalachian State University from 2015 to 2016 and then, without an interruption, continued her undergraduate studies at the University of North Carolina, where she was expecting to obtain her bachelor’s degree in May 2019. 

In February 2019, the AOJ issued a demand letter notifying the Veteran that an overpayment of his monthly compensation benefits in the amount $4,384 had been created based on his failure to notify the AOJ of his divorce, and a debt in the same amount had been charged to him subject to collection by VA through incremental monthly withholdings in the amount of $366 per month from his forthcoming monthly compensation benefits. Later in February 2019, the Veteran requested a waiver of the aforesaid overpayment debt and submitted his financial status report. The AOJ forwarded his claim for a waiver to COWC. 

In April 2019, the AOJ issued the Veteran a subsequent development letter pointing out that, in his February 2019 VA Form 21-674 detailing B.J.P.’s undergraduate studies, the Veteran “listed Appalachian State [University] and University of North Carolina” jointly. Therefore, the AOJ directed the Veteran to complete separate VA Forms 21-674 “for each school.” In April 2019, he filed separate supplemental VA Forms 21-674, one addressing Appalachian State University, and another addressing the University of North Carolina. The forms verified that B.J.P. began her course of instruction in August 2015 and expected to obtain her undergraduate degree in May 2019. 

In February 2019, the AOJ issued an award notice informing the Veteran that B.J.P. was added to his monthly compensation benefits as a dependent school child. The award notice showed that the first payment of the additional compensation based on B.J.P. as his dependent school child had taken place in February 2019. However, the February 2019 award notice, being presented in a table-like format, was silent as to the date when the award of this additional compensation became effective. In June 2019, the AOJ issued a notification letter showing that the award was effective the date of the AOJ’s receipt of his January 2019 VA Form 21-0538 Status of Dependents Questionnaire indicating that the Veteran deemed B.J.P. his dependent for VA compensation purposes, and months before he filed his February 2019 VA Form 21-674 and April 2019 VA Forms 21-674. Simply put, the AOJ assigned the Veteran the earliest effective date available based on the submissions he filed with the AOJ with regard to B.J.P. as his dependent after she turned 18 years old. 

In July 2019, COWC denied the Veteran’s claim for a waiver of the overpayment debt in the amount $4,384 that accrued from April 2016 (the first day of the month following the Veteran’s March 2016 divorce) throughout January 2019 (the last month during which the Veteran was paid an additional compensation for S.A.F. as his dependent spouse). Later in July 2019, the AOJ notified the Veteran of his entitlement to an additional lump-sum CRSC/CRDP restorative payment (Second CRSC/CRDP Payment) from February 2019 through May 2019. 

In August 2019, the Veteran filed his VA Form 10182. VA Form 10182 is utilized to invoke the Board’s jurisdiction pursuant to the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). The Veteran’s VA Form 10182 showed that he selected an AMA evidence docket review. Therefore, in addressing the Veteran’s claim, the Board is entitled to consider only the evidence associated with the claims file as of the date of the decision that the Veteran challenged in his VA Form 10182, and the evidence that he submitted within 90 days of filing of his VA Form 10182. 38 C.F.R. § 20.303. 

Here, the Veteran did not indicate in his VA Form 10182 which decision he wished to challenge. However, the Veteran’s statement accompanying his VA Form 10182 read, “I hereby give notice of disagreement [(NOD) with regard to the COWC’s decision] of July . . . 2019.” Read jointly with his VA Form 10182, the Veteran’s NOD demonstrated that he elected to challenge only COWC’s denial of a waiver of his overpayment debt in the amount $4,384, without expressly challenging the propriety of the creation of the overpayment underlying his debt. 

However, in Schaper v. Derwinski, 1 Vet. App. 430, 437 (1991), the U.S. Court of Appeals for Veterans Claims (Court) guided that, if a veteran raises the validity of the overpayment as part of a claim for a waiver an overpayment debt, it is arbitrary and capricious, and an abuse of discretion to adjudicate the waiver application without first determining the validity of the underlying overpayment. 

The Board finds that the Veteran’s NOD contains language that could reasonably be construed as raising the issue of the validity of the overpayment underlying his debt. To illustrate, the Veteran’s NOD contains only two statements related to his claim for a waiver of the overpayment debt, while the remainder of his NOD consists of statements related to the validity of the overpayment. Specifically, as to his waiver claim, the Veteran merely asserted that he promptly notified his service department of his divorce from S.A.F., and that he thought his service department would disseminate this information to all Department of Defense (DoD) agencies. In addition, the Veteran asserted that VA’s recovery of the debt would affect him financially because he was “a single retired father on a fixed income [who was] trying to catch up from the many expenses of [B.J.P.’s] college education.”

While the bulk of the Veteran’s NOD appears to be dedicated to his challenges to the validity of the overpayment, the rationale of the Veteran’s challenges is stated in terms that are imprecise. Therefore, out of an abundance of caution, the Board finds it warranted to replicate the Veteran’s allegations in their entirety:

I have received a letter from [VA in] July . . . 2019 [about the Second CRSC/CRDP Payment] acknowledging the fact that [I had a] dependent because the [Second CRSC/CRDP Payment was calculated at a rate reflecting an additional compensation for a dependent. After] I divorced [S.A.F.,] I still had a dependent, [B.J.P.,] who [had] enrolled as a full[-]time student in college. Therefore, my dependency status was only reduced by one. . . . Information previously submitted and the [July 2019] VA letter [about the Second CRSC/CRDP Payment] show [that VA has conceded that B.J.P.] was [my school child] dependent from [February 2019 to May 2019]. She was my . . . dependent all the years prior to that as well [because I was supporting her financially]. Therefore, [the period from the March 2016 divorce] to 2019 should be approved for refund . . . . It makes no sense to me that [VA would] authorize [the Second CRSC/CRDP Payment factoring in B.J.P.’s] dependency[,] yet all evidence submitted proves she was my . . . dependent for all the years prior to that [because I supported her financially throughout her undergraduate studies]. I request [that VA would] refund my account for the years previous to [February 2019] while I was responsible for her while she was in college . . . . Letters and information previously submitted as evidence of her full[-]time enrollment at [t]he University of North Carolina . . . and Appalachian State University from 2015 through 2019 prove this fact. 

Liberally construing the Veteran’s allegations, the Board finds that his NOD raises two alternative positions. First, in light of the Veteran’s phrases “refund from . . . divorce to 2019” and “my dependency status was only reduced by one,” the Board surmises that he asserts that his monthly compensation benefits should have been upwardly adjusted based on B.J.P. as his dependent school child during the period from his divorce to the date of the first payment of an additional compensation paid to him based on B.J.P. as his dependent school child. Therefore, this first alternative position seeks an effective date for the award of such an additional compensation earlier than the first day of February 2019. 

The Board notes that the Veteran was awarded an additional compensation based on B.J.P. as his dependent school child effective the date of the AOJ’s receipt of his January 2019 VA Form 21-0538 Status of Dependents Questionnaire, and February 2019 was the month when he was provided with the first payment of such an additional compensation. The Board further notes that it is not entirely clear why the Veteran seeks an earlier effective date as to an additional compensation based on B.J.P. as his dependent school child effective the date of his March 2016 divorce rather than the date when B.J.P. turned 18 years old. The Board, therefore, reads this inconsistency as indicating that the Veteran meant to seek such an earlier effective date solely for the purposes of his claim for a waiver of the overpayment arising out of his failure to report his divorce to the AOJ. 

The foregoing brings the Board to what appears to be the Veteran’s second position raised in his NOD. The Veteran’s second position appears to express his belief that the overpayment is not valid because he perceived that the additional compensation that he was actually paid based on S.A.F. as his dependent spouse after he divorced S.A.F. as “interchangeable” with the additional compensation that he could have received based on B.J.P. as his dependent school child, and the Veteran qualifies B.J.P. as his dependent school child for VA purposes on the grounds that he was financially supporting B.J.P. during her entire undergraduate studies since 2015.

The Board takes this opportunity to point out that the Veteran’s impression as to the “interchangeability” of a spouse, a minor child, and a school child, as dependents for VA compensation purposes is incorrect. An additional compensation paid for a dependent spouse differs from that paid for a dependent minor child, and from that paid for a dependent school child. To illustrate, in 2017, a veteran with a combined disability rating of 70 percent was entitled to a monthly compensation benefit in the amount of $1,338.71. A veteran with the same combined disability rating and a dependent spouse was entitled to a monthly compensation in the amount of $1,451.71, i.e., the additional compensation based on the veteran’s spouse was $113. A veteran with the same combined disability rating and a dependent minor child was entitled to a monthly compensation in the amount of $1,414.71, i.e., the additional compensation based on the veteran’s minor child was $76, that is, $37 less than that for a spouse. Further, additional compensations based on a veteran’s dependent school child or minor child are not calculated the same way; rather, the additional compensation based on a dependent school child is added “separately” rather than determined as a combined amount covering both the veteran’s base compensation rate and additional compensation. See https://www.benefits.va.gov/COMPENSATION/resources_comp0116.asp. 

Therefore, the Veteran’s second position raised in his NOD is best characterized as an expression of his belief that the amount of the additional compensation he was actually paid based on S.A.F. as his dependent spouse yielded an overpayment that should have been roughly offset by the amount of the additional compensation he could have been paid based on B.J.P. as his dependent school child since he financially supported B.J.P. during her undergraduate studies. Thus, the Veteran’s challenge to the validity of the overpayment of his monthly compensation benefits appears to be, essentially, based on his position that he is entitled to an effective date for the award of the additional compensation based on B.J.P. as his dependent school child earlier than the date assigned by the AOJ, i.e., a date earlier than the date of the AOJ’s receipt of his January 2019 VA Form 21-0538 Status of Dependents Questionnaire which, in turn, yielded the first February 2019 payment of the additional compensation that was based on B.J.P.

The effective date of dependency awards is governed by 38 C.F.R. § 3.401, which provides that the award of an additional compensation based on a veteran’s dependent is effective on the date of claim or the date the dependency arises, whichever is later. 38 C.F.R. § 3.401(b)(1), (2). (Notably, payments of additional compensations commence on the first day of the month following the awards, although veterans are technically deemed in receipt of additional compensations from the effective dates of their awards to the dates when payments actually commence. 38 C.F.R. § 3.31.) 

Here, the AOJ assigned the Veteran an additional compensation based on B.J.P. as of the date the AOJ’s receipt of his January 2019 VA Form 21-0538 Status of Dependents Questionnaire. (Therefore, the payments began in February 2019.) Since the Veteran’s entitlement to claim B.J.P. as his dependent school child arose in 2015, when she began her undergraduate studies, but his VA Form 21-0538 Status of Dependents Questionnaire was filed with the AOJ only in January 2019, the date of filing is the later date. Accordingly, under 38 C.F.R. § 3.401(b), he is entitled to the award of additional compensation based B.J.P. as his dependent school child effective that later date, i.e., the date the AOJ’s receipt of his January 2019 VA Form 21-0538 Status of Dependents Questionnaire. Further, because B.J.P. completed her course of instruction in May 2019, her dependency status ended upon her graduation. Thus, the entire period during which the Veteran was entitled to the award of an additional compensation based on B.J.P. as his dependent school child is from the date of the AOJ’s receipt of his January 2019 VA Form 21-0538 Status of Dependents Questionnaire to the date of B.J.P.’s graduation. 

The Board acknowledges that, in certain circumstances, additional compensation based on a qualified veteran’s dependent school child might warrant an effective date of the award earlier than the date determined under 38 C.F.R. § 3.401(b). However, such circumstances are not present here. Specifically, a qualified veteran is entitled to an additional compensation starting immediately from the child’s 18th birthday “if the child was at that time pursuing a course of instruction[,] . . . and a claim for such benefits is filed within [one] year from the child’s 18th birthday”. 38 C.F.R. § 3.667(a)(1). By the same token, if a child begins taking a course of instruction later than right after his/her 18th birthday but before (s)he attains the age of 23, an additional compensation based on the child would be paid from the date of the commencement of the child’s course of instruction if the veteran’s application for such additional compensation is filed within one year from that date. 38 C.F.R. § 3.667(a)(2); see also 38 U.S.C. § 101(4)(A); 38 C.F.R. § 3.57(a). 

The phrase “course of instruction” refers to the entirety of studied taken toward a degree, rather than a particular school year, or a particular semester, or a class. Here, the record shows that the Veteran did not apply for additional compensation based on B.J.P. as his dependent school child within one year after her 18th birthday. Therefore, he is not entitled to an additional compensation based on B.J.P. as his dependent school child starting from her 18th birthday. Moreover, since B.J.P. began her undergraduate studies in 2015, more than three years had elapsed by the time the Veteran’s January 2019 VA Form 21-0538 was filed. Therefore, he is not entitled to an additional compensation based on B.J.P. as his dependent school child starting from any date within one year prior to the filing of his January 2019 VA Form 21-0538 Status of Dependents Questionnaire.

In sum, the analysis of § 3.667(a) is inapplicable in this case, and the effective date of the award of an additional compensation based on B.J.P. as the Veteran’s dependent school child is determined under 38 C.F.R. § 3.401(b). The Board is mindful that the Veteran might have been unaware of the fact that, had he notified the AOJ of B.J.P.’s course of instruction at any time between her 18th birthday and the January 2019 date when he filed his VA Form 21-0538 Status of Dependents Questionnaire, he might have been assigned an earlier effective date for an additional compensation for B.J.P. as his dependent school child. However, an AOJ has no duty to notify a veteran of the availability of additional benefits, to include an additional compensation based on a school child, before removing the veteran’s child from his/her award upon the child’s 18th birthday. Simply put, the onus is on the veteran to file a claim for an additional compensation based on the veteran’s school child in the event the child elects to pursue a course of instruction when the child is between the age of 18 and 23 years old. Dent v. McDonald, 27 Vet. App. 362, 382 (2015) (a beneficiary is charged with knowing the rules governing compensation); see also Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384-85 (1947) (everyone dealing with the Government is charged with knowledge of federal statutes and lawfully promulgated regulations.).

Here, the record demonstrates that the Veteran did not make such a filing until he filed his January 2019 VA Form 21-0538 Status of Dependents Questionnaire, which yielded the first additional compensation payment in February 2019. Since the period of the overpayment ended on the last day of January 2019, and the additional compensation payment began in February 2019, the Board is without a basis to find that B.J.P.’s status as the Veteran’s dependent child could have affected the validity of the overpayment ensuing from the Veteran’s failure to report his divorce from S.A.F. to the AOJ. This is also consistent with the Veteran’s observation in his NOD that his Second CRSC/CRDP Payment for the period from February 2019 through May 2019 was calculated so to reflect B.J.P.’s status as his dependent school child. 

Notably, the Veteran’s observation in his NOD that the calculation of his Second CRSC/CRDP Payment reflected B.J.P.’s status as his dependent school child raises a concern under Majeed v. Nicholson, 16 Vet. App. 421, 425 (2002) (Majeed I), clarified in Majeed v. Nicholson, 19 Vet. App. 525 (2006) (Majeed II). 

In Majeed-I, the Court noted that, regardless of the pro-claimant nature of the veterans’ benefits system, a veteran bears the risk of an increase in the amount of the overpayment if the veteran puts the issue of the overpayment into consideration. Here, the Veteran’s challenge to the validity of the overpayment of his monthly compensation benefits was embedded in his NOD raising a claim for a waiver of this overpayment. In support of his challenge, the Veteran relied on the calculation of his Second CRSC/CRDP Payment. The Board acknowledges that the Veteran’s discussion of the calculation of the amount of his Second CRSC/CRDP Payment could be construed as indirectly implicating his First CRSC/CRDP Payment, to include the calculation of the First CRSC/CRDP Payment during the period from April 2016 through August 2017, when the Veteran was divorced from S.A.F. but did not report his divorce to the AOJ. 

Indeed, given the Veteran’s argument that his Second CRSC/CRDP Payment was calculated so to reflect B.J.P.’s dependency status, it cannot be ruled out that the First CRSC/CRDP Payment was similarly calculated during the period from April 2016 through August 2017 to reflect that the Veteran had a dependent spouse, S.A.F. If so, the April 2016 to August 2017 portion of the First CRSC/CRDP Payment might have yielded a CRSC/CRDP overpayment different from and auxiliary to the compensation benefits overpayment with regard to which the Veteran is seeking a waiver in the instant matter. 

However, the Board acknowledges the subtle distinction between the Veteran’s monthly compensation benefits and his lump-sum CRSC/CRDP Payments. Further, the Board is mindful that the Veteran’s NOD expressly relied only on the Second CRSC/CRDP Payment. Based on the foregoing, and given that, in Majeed-II, the Court clarified that a veteran had to “clearly” put the issue of the proper amount of a particular overpayment into consideration in order to be deemed appealing at his/her own risk of having the amount of the veteran’s overpayment increased, the Board finds that the issue of an overpayment, if any, created by the Veteran’s First CRSC/CRDP Payment during the period from April 2016 through August 2017 is not clearly before the Board. Accordingly, the issue of such an auxiliary overpayment, if any, resulting from the First CRSC/CRDP Payment need not be reached here. The Board, however, takes this opportunity to stress that no statement in this Order should be construed as an expression of the Board’s position that such an auxiliary overpayment was or was not created, or that it is or is not valid, or that it could or could not be charged. 

Having addressed the Veteran’s contentions raised in his NOD as to the validity of the monthly compensation overpayment accrued from April 2016 throughout January 2019, the Board concludes its validity-of-the-overpayment analysis by examining this overpayment under the considerations detailed by the Court in relevant caselaw. The Court guided that, in considering the validity of an overpayment, it must be determined whether VA was solely responsible for his/her erroneously paid benefits. “[W]hen an overpayment has been made by reason of an erroneous award based solely on administrative error, the reduction of that award cannot be made retroactive to form an overpayment debt owed to VA from the recipient of the erroneous award.” Erickson v. West, 13 Vet. App. 495, 499 (2000). 

Administrative errors include all administrative decisions based upon an AOJ’s mistake of fact, misunderstanding of controlling regulations, misapplication of law, etc. VAOPGCPREC 2-90 (July 17, 1989); 55 Fed. Reg. 27757 (1990). However, a finding of an administrative error requires not only error on the part of VA, but also a showing that the veteran was unaware that the payments (s)he received were erroneous. See Erickson, 13 Vet. App. at 499. Here, the record demonstrates that there was no error committed on the part of VA in the creation of the overpayment because it ensued, in its entirety, from the AOJ’s reliance on the Veteran’s reports, and the Veteran failed to report to the AOJ that he divorced S.A.F. in March 2016.

Moreover, the AOJ’s award notices issued to the Veteran during the period of overpayment consistently informed him that his compensation benefits were calculated so to account for S.A.F. as his dependent spouse. Therefore, the record demonstrates that the Veteran, who knew that he was divorced from S.A.F., knew that he was paid funds to which he was not entitled. Accordingly, the Board is without a basis to find that the Veteran’s overpayment arose from an administrative error. Correspondingly, the overpayment of monthly compensation benefits in the amount of $4,384 for the period from April 2016 throughout January 2019 was properly created. Having so determined, the Board now turns to the Veteran’s claim for a waiver of the debt ensuing from this overpayment, as expressly raised in his NOD. 

A waiver is precluded if an overpayment arose from the payee’s fraud, or misrepresentation, or bad faith. 38 U.S.C. § 5302(c); 38 C.F.R. § 1.965(b). Here, COWC found – and the Board agrees – that the overpayment did not arise from the Veteran’s fraud, or misrepresentation, or bad faith. Because a bar on a waiver is not present, the Board is required to determine whether the recovery of the debt arising from the overpayment would be against equity and good conscience. See 38 U.S.C. § 5302(a); 38 C.F.R. § 1.962. 

At the onset of such a determination, the Board must consider the fault on the part of the Veteran and weigh it against that of VA. Here, the Veteran’s NOD asserts that the overpayment did not result from his fault because he promptly notified his service department of his divorce from S.A.F. and elected not to notify VA of the same because he believed that his service department would notify every agency within DoD of his divorce. As an initial matter, the Board notes that the rationale for the Veteran’s belief that any data disseminated by the Veteran’s service department within DoD could put VA on notice is not immediately apparent to the Board, since VA is an agency distinct and different from DoD. 

Further, the record shows that all award notices furnished by the AOJ to the Veteran continuously and unambiguously directed him to notify VA – rather than DoD or his service department – of any changes in status of his dependents, and the Veteran failed to report as instructed for a period of almost three years. Accordingly, the balance-of-fault inquiry counsels against the grant of a waiver. 

However, the balance-of-fault inquiry is only one of the considerations of the equity analysis. Considerations are also given to whether collection of the debt would deprive the debtor or his/her family of basic necessities, whether the recovery would nullify the objective for which the benefits were intended, whether the debtor has changed his/her financial position for the worse in reliance on VA benefits to be offset or collected, whether the failure to make restitution would result in unfair gain to the debtor, etc. See 38 U.S.C. § 5302; 38 C.F.R. § 1.965(a).

Here, the February 2019 demand letter informed the Veteran that VA was to recover his monthly compensation overpayment debt in the amount of $4,384 by incremental monthly withholdings in the amount of $366 from his compensation benefits. During the period from December 2018 through November 2019, a veteran without any dependents but with a combined disability rating of 80 percent was entitled to a monthly compensation in the amount of $1,631.69. https://www.va.gov/disability/compensation-rates/veteran-rates/historical-rates-2019/. During the period from December 2019 to November 2020, the same veteran is paid $1,657.80 monthly, and an additional compensation per each school child is $194.00. Further, the Veteran’s military pension has been $3,170 monthly, yielding a combined income of $4,827.80 a month (during the period other than when he was paid an additional compensation based on B.J.P. as his dependent school child), and $5021.80 during the February 2019 to May 2019 period when he was paid an additional compensation based on B.J.P. 

In its July 2019 decision, COWC found that a $366 monthly withholding from the Veteran’s $1,631.69 monthly compensations paid in 2019 would not nullify the objective for which his compensation benefits were intended. The Board reaches the same conclusion, to include with regard to a $366 monthly withholding from the Veteran’s $1,657.80 monthly compensations paid in January 2020. A fortiori, the same conclusion applies to the post-January portion of 2020, during which the Veteran was paid additional compensation based on B.J.P. In addition, neither the Veteran nor the evidence of record suggests otherwise. 

Further, neither the Veteran nor the evidence of record suggests that he changed his financial position for the worse in reliance on the $4,384 overpayment. Moreover, the Veteran’s combined income exceeds his expenses, and nothing in the record suggests that incremental monthly withholdings in the amount of $366 deprived – or could have deprived – the Veteran or B.J.P. of basic necessities. In addition, while the Board acknowledges that, in January 2020, the Veteran remarried (and, one week after his remarriage, applied for an additional compensation based on his new spouse, A.E.P., as his dependent), nothing in the record suggests that the Veteran and A.E.P. were – or could have been – deprived of basic necessities based on a monthly recovery of the Veteran’s overpayment debt in the amount of $366. (Moreover, given the amount of the Veteran’s overpayment debt and the amount of his monthly withholdings, the Veteran debt should have been recovered in full by the time of his marriage to A.E.P., that is, unless installment payments smaller than $366 were arranged, which does not appear to be the case.) 

Indeed, the Veteran’s NOD demonstrates that his request for a waiver of the overpayment debt is limited solely to the fact that, until his remarriage, he was “a single retired father on a fixed income [who was] trying to catch up from the many expenses of [B.J.P.’s] college education.” The Board is mindful that the incremental withholdings of $366 from the Veteran’s monthly compensation benefits necessarily render him less financially prosperous than what he would have been had such withholdings were not executed. However, the issue of whether the Veteran would be more financially prosperous had he retained the overpayment funds is not a valid consideration for the purposes of the equity analysis. Indeed, had it been otherwise, every debtor would be entitled to a waiver simply because any withholding of funds necessarily renders a debtor less prosperous than what (s)he would have been had (s)he retained the funds. 

Therefore, the Board is without a basis to grant the Veteran a waiver based on his contention. Further, the § 1.965(a) considerations uniformly counsel against the grant of a waiver, and the evidence of record demonstrates that such a grant would result in an unjust enrichment to the Veteran. 

Accordingly, the Veteran’s claim for a waiver of his $4,384 monthly compensation overpayment debt is denied. 

 

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Anna Kapellan, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.